THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERSHEL TROTTER, Defendant-Appellant.

First District (3rd Division)   No. 1—96—2363

Opinion filed November 26, 1997.

Patrick A. Metcalf and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LEAVITT delivered the opinion of the court:

The defendant, Hershel Trotter, was charged with delivery of a controlled substance. On March 8, 1996, a jury found him guilty, and he was sentenced to 12 years' imprisonment. We affirm.

■ Trotter argues that the evidence was insufficient to convict him of the crime with which he was charged. In circumstances such as these, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the defendant guilty beyond a reasonable doubt. *People v. Frieberg*, 147 Ill. 2d 326, 356, 589 N.E.2d 508 (1992). If the answer is yes, then we must affirm the conviction. The facts adduced at Trotter's trial follow.

In the spring of 1995, the Chicago police department responded to complaints of drug dealing in the 11th district by commencing an investigation called "Operation Sting." The operation's purpose was to arrest drug traffickers from whom undercover officers purchased narcotics. By not arresting the seller immediately upon the exchange of drugs for money but, rather, waiting and following the dealer to his next sale, the police sought to apprehend both the purveyor and his buyer. Officer Renard Jackson, a 26-year veteran of the police force, was one of the many officers involved in this operation.

On May 24, 1996, at around 8:50 a.m., Officer Jackson, dressed in plain clothes and driving an unmarked car, approached the vicinity of 713 North Harding. He saw Trotter there and radioed to a backup team of officers that he was going to attempt to make a purchase from Trotter. Officer Jackson approached Trotter and asked him if he was "working," the street term for selling narcotics. Trotter asked Officer Jackson what he wanted, and Officer Jackson replied "rocks," the street term for crack cocaine in rock form.

According to Officer Jackson's testimony, Trotter then told Officer Jackson to follow him into the hallway of a two-flat located at 713 North Harding. Once in the building, Trotter went upstairs while Officer Jackson remained downstairs. Trotter returned after two to three minutes and handed Officer Jackson two bags of crack cocaine in exchange for $20. Officer Jackson returned to his car, radioed his backup team that he had made a buy, and described Trotter as a white male with scraggly facial hair who was wearing a grey sweatshirt and black sweatpants.

Officer Jackson and his backup team members, Officers Mostek and Callahan, waited for about a half hour for Trotter to come out the front door of the building at 713 North Harding and make another sale so they could arrest him and his buyer. However, Trotter failed to appear, and the surveillance team was ordered to move on to a different location in the same area.

At approximately 11:50 a.m. that same day, Officer Jackson saw Trotter walking westbound on Huron toward Pulaski. He radioed Officers Mostek and Callahan to tell them where Trotter was and to arrest him, which they did. Officer Mostek testified that when he arrested Trotter, Trotter matched the description Officer Jackson gave earlier in the day. Officer Jackson identified Trotter as the man from whom he purchased narcotics. Although a custodial search yielded no money, drugs or paraphernalia, Officer Callahan testified that, in his experience, a drug seller rarely carries drugs or money on his person because of the consequences if he was arrested.

■ As we have already stated, Trotter argues the evidence was insufficient to support a finding of guilt. It is the jury's function to determine the accused's guilt or innocence, and we will not reverse a conviction unless the evidence is so improbable that it justifies a reasonable doubt as to a defendant's guilt. *Frieberg*, 147 Ill. 2d at 359, citing *People v. Eyler*, 133 Ill. 2d 173, 191, 549 N.E.2d 268 (1989). The jury assesses witnesses' credibility, and we will not substitute our judgment for that of the jury on questions involving the weight of the evidence or the believability of witnesses. *People v. Manion*, 67 Ill. 2d 564, 578, 367 N.E.2d 1313 (1977).

■ In Illinois, "it is unlawful for any person knowingly to manufacture or deliver *** a controlled *** substance." 720 ILCS 570/401 (West 1992). Delivery is defined as the actual, constructive or attempted transfer of a controlled substance, with or without consideration, whether or not there is an agency relationship. 720 ILCS 570/102(h) (West 1992). In the case at bar, the evidence, viewed in the light most favorable to the prosecution, proved Trotter guilty of delivery of a controlled substance beyond a reasonable doubt. Officer Jackson testified that Trotter actually delivered a controlled substance, cocaine, to him in exchange for $20, a clear violation of section 401 of the Illinois Controlled Substances Act (720 ILCS 570/401 (West 1992)). The jury believed Officer Jackson when he said the transaction occurred and when he identified Trotter as the purveyor.

■ Trotter suggests that because the $20 bill Officer Jackson testified he gave Trotter was never produced, his conviction must be reversed. That currency came from a police fund which included bills whose serial numbers were prerecorded. Trotter's argument fails because there is no requirement that prerecorded or marked funds used in a narcotics transaction be recovered for a conviction to stand. *People v. Lopez*, 187 Ill. App. 3d 999, 1005, 543 N.E.2d 997 (1989). Because the prosecution did not have to produce the prerecorded funds used, Trotter's argument that the State failed to establish a chain of custody regarding the $20 bill is obviously misplaced.

For all of these reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL and GORDON, JJ., concur.